IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHANDRA LYONS J. JACKSON                      PLAINTIFF

v.                            Civil No. 12-2305

JANET MATLOCK, Chuck Fawcett
Realty; and DISTRICT COURT
JUDGE BEN BELAND                            DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Chandra Jackson, has submitted this *pro se* action against her former landlord, Janet Matlock of Chuck Fawcett Realty and the District Court Judge she appeared before in connection with a citation for failure to vacate the rental property. Plaintiff Chandra Jackson has also submitted an application to proceed *in forma pauperis* (IFP). **The Clerk is directed to file the complaint and IFP application.**

Under the provisions of the IFP statute, the Court is obligated to screen any complaint in which the Plaintiff seeks to proceed IFP. 28 U.S.C. § 1915(e)(2). The Court is to dismiss the case if it determines that the case is: frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a Defendant who is immune from such relief. *Id.*

### Background

According to the allegations of the complaint, in early March of 2012 Plaintiff and her husband rented a residence located at 2412 North 56 Lane, Forth Smith, Arkansas. On August 15, 2012, Plaintiff was served with a citation for failure to vacate the property. Janet Matlock works for Chuck Fawcett Realty and was the agent handling the rental property.

-1-

Portions of the complaint are written by Joe Nathan Jackson the Plaintiff's husband. He alleges that he felt discriminated against because only his wife was served with a citation when both their names appeared on the lease.

He also alleges that his wife was discriminated against. He indicated that on July 9, 2012, an eviction notice was attached to their door. After the eviction notice, Plaintiff and her husband paid $500 in rent. They maintain the money should not have been accepted if the eviction process was continued.

As relief, Plaintiff asks for damages for her pain and suffering. She also requests reimbursement for her legal expenses and the cost of her transportation.

Plaintiff attaches to the complaint a copy of the notice of eviction. She also attaches a general addendum to the real estate contract dated July 19, 2012, and singed by Matlock, the Plaintiff, and her husband. The addendum indicates that the Jacksons owed $1675 dollars in back rent and acknowledges receipt of $500 on July 10th leaving the balance $1175. A citation to appear is also attached. It indicates Plaintiff was served on August 15, 2012, and told to appear in court on August 20th.

## Discussion

While Chandra Jackson would qualify from a financial standpoint for IFP status, the Court does not have jurisdiction over the claims asserted. Federal courts are courts of limited jurisdiction. *See e.g., Godfrey v. Pulitzer Publishing Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998). Generally, the federal district courts may only exercise jurisdiction over cases in which diversity of citizenship exists and the requisite amount in controversy is involved and those cases in which a federal question is presented; in other words, those cases involving violations of federal constitutional or statutory law. *See e.g., Southwestern Bell Telephone Co. v. Connect*

*Communications Corp.*, 225 F.3d 942, 945 (8th Cir. 2000). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998)(internal quotation marks and citation omitted).

First, to the extent Plaintiff is attempting to assert a civil rights claim against the Defendants, the claim fails. Matlock is a private party who is not subject to suit under 42 U.S.C. § 1983. Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that each defendant acted under color of state law and that he or she violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). Matlock did not act under color of law when acting as a landlord with respect to the rental of a residence.

Second, Judge Beland is immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *see also Duty v. City of Springdale*, 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994).

Third, no other basis of federal jurisdiction exists. Diversity jurisdiction turns on two issues, is there complete diversity of citizenship between the parties, and does the amount in controversy exceed $75,000." *Northport Health Services of Arkansas, LLC v. Rutherford*, 605 F.3d 483, 486 (8th Cir. 2010). Plaintiff resides in Fort Smith, Arkansas, and indicates both Defendants are also from Fort Smith, Arkansas. Diversity of citizenship does not exist.

AO72A
(Rev. 8/82)

Fourth, to the extent the alleged discrimination can be read to assert a constitutional or statutory claim, it involves Plaintiff's husband not being served with a warrant. Plaintiff may not assert claims on behalf of her husband. A claim that an individual's constitutional rights have been violated is regarded as personal in nature. *See Broadrick v. Oklahoma,* 413 U.S. 601, 610-11 (1973); *United States v. Mitchell,* 915 F.2d 521, 526 n. 8 (9th Cir. 1990). Ordinarily, one individual cannot assert a claim on behalf of another individual. *Johns v. County of San Diego,* 114 F.3d 874, 876 (9th Cir. 1997)("While a non-attorney may appear pro se on his own behalf, '[h]e has no authority to appear as an attorney for others than himself.'").

### Conclusion

For the reasons stated, I recommend that the motion to proceed IFP be denied and the case dismissed.

**Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5 day of Dec. ~~November~~ 2012.

/s/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

DEC 06 2012

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

-4-

AO72A
(Rev. 8/82)